# Exhibit D

Memorandum of Points and Authorities in Support of
Senate Defendants' Motion to Dismiss

*Musgrave v. Manger, et al.*, Civil Action No. 1:21-cv-02199-BAH

| 97th Congress <br> 1st Session | COMMITTEE PRINT | No. 5 |
|---|---|---|

# REPORT

OF THE

## COMMITTEE ON THE JUDICIARY HOUSE OF REPRESENTATIVES

NINETY-SEVENTH CONGRESS

FIRST SESSION

IDENTIFYING

### COURT PROCEEDINGS AND ACTIONS OF VITAL INTEREST TO THE CONGRESS

**CURRENT TO SEPTEMBER 1, 1979**



Printed for the use of the Committee on the Judiciary

U.S. GOVERNMENT PRINTING OFFICE
WASHINGTON : 1980

61-795 O

H522-9

## COMMITTEE ON THE JUDICIARY

PETER W. RODINO, JR., New Jersey, *Chairman*

| | |
|---|---|
| JACK BROOKS, Texas | ROBERT McCLORY, Illinois |
| ROBERT W. KASTENMEIER, Wisconsin | TOM RAILSBACK, Illinois |
| DON EDWARDS, California | HAMILTON FISH, JR., New York |
| JOHN CONYERS, JR., Michigan | M. CALDWELL BUTLER, Virginia |
| JOHN F. SEIBERLING, Ohio | CARLOS J. MOORHEAD, California |
| GEORGE E. DANIELSON, California | JOHN M. ASHBROOK, Ohio |
| ROMANO L. MAZZOLI, Kentucky | HENRY J. HYDE, Illinois |
| WILLIAM J. HUGHES, New Jersey | THOMAS N. KINDNESS, Ohio |
| SAM B. HALL, JR., Texas | HAROLD S. SAWYER, Michigan |
| MIKE SYNAR, Oklahoma | DAN LUNGREN, California |
| PATRICIA SCHROEDER, Colorado | F. JAMES SENSENBRENNER, JR., Wisconsin |
| BILLY LEE EVANS, Georgia | BILL McCOLLUM, Florida |
| DAN GLICKMAN, Kansas | |
| HAROLD WASHINGTON, Illinois | |
| BARNEY FRANK, Massachusetts | |

ALAN A. PARKER, *General Counsel*
GARNER J. CLINE, *Staff Director*
FRANKLIN G. POLK, *Associate Counsel*

(II)

## FOREWORD

In 1971, the Joint Committee on Congressional Operations began publishing this series of reports on legal proceedings of importance to the Congress as a constitutionally established institution. The reports have contained descriptions of such proceedings, the texts of court decisions, and related documents.

During the 95th Congress, the Select Committee on Congressional Operations published these reports in conjunction with the Senate Committee on Rules and Administration. Since 1971, 23 regular and special reports have been published in this series.

The Select Committee was not reconstituted in the 96th Congress. The Committee on House Administration conducted a study of the functions of the Select Committee and recommended to the Speaker that this reporting responsibility be assigned to the Committee on the Judiciary. The Speaker concurred.

This particular report is the second to be published by the Committee on the Judiciary. The first report was prepared by the Select Committee and was ready for publication prior to the expiration of the Select Committee's authority.

Due to the change in Committee assignment and personnel this report will reflect only those matters current to September 1, 1979. It is the intention of the House Committee on the Judiciary to adhere to a biannual publishing date henceforth. Twice a year on a regular basis, the Committee will publish and issue an updated report on all court proceedings and actions of vital interest to the Congress.

Many of the cases included in this report focus upon crucial, complex, and fundamental questions concerning the scope of Congressional power and the boundaries of permissible legislative activity. It is my hope that these reports will provide a valuable tool to which Members and non-Members alike may turn for guidance or information in their efforts to more fully understand the powers and limitations of Congress and its Members within the American system of government.

PETER W. RODINO, Jr., *Chairman,*
*Committee on the Judiciary.*

(III)

# CONTENTS

### COURT PROCEEDINGS AND ACTIONS OF VITAL INTEREST TO THE CONGRESS

|  | Page |
|---|---|
| Foreword | iii |
| Explanatory Note | 1 |
| Case Summaries | 1 |

Cases:
  I. Constitutional Immunity of Members of Congress Under the Speech or Debate Clause:

| | |
|---|---|
| *Hutchinson* v. *Proxmire* | 7 |
| *Rusack* v. *Harsha* | 17 |
| *Davis* v. *Passman* | 20 |
| *Boland* v. *Blakey* | 29 |
| *United States* v. *Helstoski* | 30 |
| *Helstoski* v. *Meanor* | 30 |
| *Chase* v. *Kennedy* | 40 |
| *Clancey* v. *Albert* | 41 |
| *Littlejohn* v. *Talmadge* | 43 |
| *United States* v. *Eilberg* (criminal action) | 45 |
| *Ragas* v. *Davis* | 49 |
| *Common Cause* v. *Bolger* (formerly Bailar, formerly Klassen) | 50 |
| *In re Grand Jury* | 68 |
| *McSurely* v. *McAdams* (formerly McClellan) | 75 |

  II. Constitutional Powers of Congress:

| | |
|---|---|
| *Idaho* v. *Freeman* (formerly Goulding) | 87 |
| *Laxalt* v. *Kimmitt* | 89 |
| *Chadha* v. *Immigration and Naturalization Service* | 92 |
| *Schwartz* v. *United States Department of Justice* | 94 |
| *Goland* v. *Central Intelligence Agency* | 97 |
| *Exxon Corp.* v. *Federal Trade Commission* | 106 |
| *Kerr-McGee Corp.* v. *Federal Trade Commission* | 106 |
| *Union Carbide Corp.* v. *Federal Trade Commission* | 106 |
| *Socialist Workers 1974 National Campaign Committee* v. *Henshaw* (formerly Jennings) | 112 |
| *Goldwater* v. *Carter* | 116 |
| *McCrae* v. *United States Department of Health, Education, and Welfare* | 119 |

  III. Powers of Congressional Committees:

| | |
|---|---|
| *International Union of Bricklayers and Allied Craftsmen* v. *Harris* | 123 |
| *Iowa Beef Processors Inc.* v. *Smith* (formerly Bagley) | 125 |
| *Koniag Inc.* v. *Andrus* (formerly Kleppe) | 131 |
| *In re Beef Industry Antitrust Litigation* | 136 |
| *United States* v. *Kim* | 141 |

# VI

## OTHER ACTIONS OF INTEREST

|  | Page |
|---|---|
| *Lewis* v. *Chisholm* | 143 |
| *Trible* v. *Brown* | 144 |
| *United States* v. *Diggs* (criminal action) | 147 |
| *United States* v. *Diggs* (civil action) | 148 |
| *AFL-CIO* v. *Kahn* | 149 |
| *United States* v. *Eilberg* (civil action) | 153 |
| *Holy Spirit Association for the Unification of World Christianity* v. *Fraser* | 156 |
| *United States ex rel. Joseph* v. *Cannon* | 158 |
| *Moreau* v. *Tonry* | 159 |
| *In re Japanese Electronic Products Antitrust Litigation* | 162 |
| *Duplantier* v. *United States* | 163 |
| *Nixon* v. *Solomon* | 166 |
| *United States* v. *Flood* | 170 |

## RECENT DECISIONS

| | |
|---|---|
| *Hutchinson* v. *Proxmire* | 175 |
| *Davis* v. *Passman* | 209 |
| *United States* v. *Helstoski* | 245 |
| *Helstoski* v. *Meanor* | 271 |

## SUPREME COURT DECISIONS INTERPRETING THE SPEECH OR DEBATE CLAUSE

| | |
|---|---|
| *United States* v. *Johnson* | 285 |
| *Dombrowski* v. *Eastland* | 303 |
| *United States* v. *Brewster* | 307 |
| *Gravel* v. *United States* | 361 |
| *Doe* v. *McMillian* | 413 |
| *Eastland* v. *United States Servicemen's Fund* | 449 |

## APPENDIX

| | |
|---|---|
| The Constitution of the United States | 477 |

sional action having the effect of law, but, since the one-House veto is not subject to Presidential veto, it is unconstitutional.

Finally, Mr. Chadha asserts that the one-House veto provision violates the requirement of a bicameral legislature. According to Mr. Chadha, the Framers of the Constitution intended that every power of the legislative branch not expressly granted to a single House must be exercised by both concurrently. Therefore, since the one-House veto provision allows a single House to make law without the concurrence of the other, it is unconstitutional.

On October 27, 1977, respondent INS filed a suggestion to invite the submission of *amici curiae* briefs by the U.S. Senate and House of Representatives.

Clerk's letters were sent on November 17, 1977, inviting the President of the Senate and the Speaker of the House to file briefs *amicus curiae* within 30 days.

On February 27, 1978, an *amicus curiae* brief on behalf of the Senate, pursuant to Senate Resolution 338 of the 95th Congress, and a separate *amicus curiae* brief on behalf of Representative Frank Thompson, Jr., Chairman of the Committee on House Administration of the U.S. House of Representatives, were filed. Each of the briefs opposed Mr. Chadha's petition and contended, *inter alia,* that the one-House veto is constitutional and that Chadha lacked standing to challenge the constitutionality of the one-House veto.

The petition was argued on April 10, 1978.

*Status.*—The petition is pending before the U.S. Court of Appeals for the Ninth Circuit. No further action has been taken.

### *Schwartz v. United States Department of Justice*
No. 78-1334 (D.C. Cir.)

This suit was filed on November 4, 1976, under the Freedom of Information Act, 5 U.S.C. § 3552 (hereinafter "FOIA"), by Robert Bennett Schwartz, to compel the release of materials relating to the investigation of the conduct of Peter R. Schlam, an Assistant United States Attorney for the Eastern District of New York, during the unsuccessful extortion and conspiracy prosecution of then-Representative Angelo Roncallo. Named as defendants in the complaint were the United States Department of Justice; Edward H. Levi, at that time Attorney General of the United States; and Peter A. Rodino, Jr., Chairman of the Judiciary Committee of the U.S. House of Representatives. Mr. Levi and Congressman Rodino were sued in their official capacities.

Mr. Schwartz alleged in the complaint that pursuant to the FOIA he was entitled to inspect and copy the documents in the possession of the Justice Department and the Judiciary Committee, and that he had exhausted all available administrative remedies in an attempt to secure such access. The complaint sought declaratory and injunctive relief providing for an order directing the defendants to produce the requested documents immediately, and expediting the complaint as provided in the FOIA.

Along with the complaint, Mr. Schwartz filed an application for leave to proceed in *forma pauperis.* On November 3, 1976, District Judge George L. Hart, Jr., granted the application and also dismissed the action under 28 U.S.C. § 1915(d), which provides for the

dismissal of an action in *forma pauperis* if the allegation of poverty is untrue, or if the court is satisfied that the action is frivolous or malicious.

On November 17, 1976, Mr. Schwartz filed a notice of appeal from the order dismissing the action. Leave to appeal without prepayment of costs was denied as frivolous and not taken in good faith by District Judge Hart on November 17, 1976.

The United States Court of Appeals for the District of Columbia Circuit granted the motion of Mr. Schwartz to proceed on appeal in *forma pauperis* on January 19, 1977.

On March 4, 1977, a *per curiam* order was issued, *sua sponte*, vacating the order of the District Court and remanding the case to the District Court with instructions to serve the defendants with summonses in accordance with Rule 4(a) of the Federal Rules of Civil Procedure.

On July 11, 1977, Defendants, Department of Justice and Griffin B. Bell, Attorney General, who was automatically substituted in place of Mr. Levi, filed an answer to the complaint. The answer claimed, *inter alia*, that: the complaint failed to state a claim upon which relief could be granted; the court lacked subject matter jurisdiction; and Griffin B. Bell was not a proper party to the action.

On July 11, 1977, Representative Rodino filed a motion to dismiss and a supporting memorandum of points and authorities, in which he asserted that as Chairman of the House Judiciary Committee, he was not a proper party to the action, that the court lacked subject matter jurisdiction and that the complaint failed to state a claim upon which relief could be granted.

Chairman Rodino argued in particular that neither he nor the House Judiciary Committee were within the perview of the FOIA. He noted that the act applied to "agencies" of the executive branch of the Federal Government and that the FOIA specifically excluded the Congress from its disclosure requirements.

Mr. Schwartz filed an affidavit in opposition to Congressman Rodino's motion to dismiss. In the affidavit, he requested that Representative Rodino be directed to appear and answer the complaint. The affidavit further stated that Congressman Rodino was sued under an asserted general common law right of plaintiff to inspect public records.

On August 30, 1977, District Judge Pratt issued a memorandum opinion denying the motion to dismiss. The memorandum opinion held that the historic common law right to inspect and copy public records has been recognized in the District of Columbia Circuit, that the general rule is that all three branches of Government are subject to the common law, and that Congressman Rodino had set forth no persuasive reason why Congress should be exempt from the common law rule. Judge Pratt stated that, absent a showing that the matters sought by plaintiff are not "public records" within the meaning of the common law rule or that Mr. Schwartz does not possess any "interest" required for application of the rule, the motion to dismiss could not be granted. He also noted that Congress could exempt itself from the common law rule if it so desired, but had not done so.

96

On September 30, 1977, Representative Rodino filed a motion to dismiss or, in the alternative, for summary judgment. The grounds put forth for the motion were that the court lacked subject matter jurisdiction and that there was no dispute as to any issue of material fact. In an affidavit attached to the motion, Congressman Rodino stated that no investigation or inquiry of any kind relating to the matters alluded to in the complaint had ever been undertaken by the committee or any staff person employed by the committee. An affidavit of Edmund L. Henshaw, Clerk of the United States House of Representatives was also attached to the motion. Mr. Henshaw stated that a search failed to turn up any documents or papers relating to any investigaton of Peter Schlam by the committee.

A supplement to the motion to dismiss or, in the alternative, for summary judgment and a second affidavit of Congressman Rodino were filed on December 7, 1977. Attached to the affidavit were a number of documents related to statements made by former Representative Roncallo on the floor of the House of Representatives and in a letter to Representative Rodino. The supplement to the motion reiterated that there were no House records within the scope of Mr. Schwartz' request.

A Memorandum Order was issued by District Judge Pratt on December 12, 1977, granting the motion of Congressman Rodino for summary judgment, denying the motion of the Department of Justice for a protective order and directing the Department of Justice to answer plaintiff's first set of interrogatories on or before January 6, 1978. The memorandum order noted that Congressman Rodino had indicated by sworn affidavit that he had directed a thorough records search and filed and delivered copies of all material compiled by his committee. Judge Pratt stated that a reviewing court must grant summary judgment in defendant's behalf when the defendant, in candor and good faith, has indicated that all available records have been turned over to the plaintiff. In denying the motion of the Department of Justice for a protective order, the memorandum order noted that plaintiff, proceeding *pro se*, had filed the action in November of 1976 and had been delayed over 1 year in his efforts to secure the information at issue. The court also noted that the interrogatories did not strike the court as unduly burdensome and they might assist plaintiff in his attempt to locate additional relevant documents.

On January 6, 1978, the Department of Justice filed a response to Mr. Schwartz' interrogatories. The Department released some of the documents requested by Mr. Schwartz and refused to release other documents, asserting that they were exempt from disclosure under the Freedom of Information Act. Also filed by the Justice Department on January 6, 1978, was a motion for summary judgment on the grounds that there existed no genuine issue as to any material fact. In a "statement of material facts pursuant to local rule 19(h) as to which there is no genuine issue" and a memorandum of points and authorities in support of its motion, the Department of Justice argued that the withholding of those documents denied to Mr. Schwartz was proper under FOIA exemptions 5, 6, 7(c) and 7(d) 5 U.S.C. § 552(b).

On February 9, 1978, District Judge Pratt issued a memorandum order granting the Department's motion to dismiss. The liability of the Attorney General in his official capacity was treated as incorporated into that of the Department of Justice. The memorandum order stated that the documents were variously protected by FOIA exemption 7(c), which exempts from mandatory disclosure investigatory records compiled for law enforcement purposes to the extent that the production of such records would constitute an unwarranted invasion of privacy; by FOIA exemption 7(d), which exempts from mandatory disclosure investigatory records compiled for law enforcement purposes to the extent the production of such records would disclose the identity of a confidential source; and by FOIA exemption 6, which protects from disclosure personnel and medical files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Since the District Court held all of the documents in question to be protected by FOIA exemption 6, 7(c) or 7(d), the applicability of exemption 5, which protects interagency or intraagency communications which would not be available by law to a party other than an agency in litigation with the agency, was not reached in the opinion.

On March 3, 1978, Mr. Schwartz filed a notice of appeal from the memorandum order of February 9, 1978.

On April 5, 1979 the Court of Appeals issued its decision. The judgment of the District Court was affirmed on the basis of Judge Pratt's Memorandum Order of February 9, 1978. No opinion accompanied the Circuit Court's decision.

*Statγ s.*—The case has been closed.

The District Court's memorandum opinion of August 30, 1977 is printed in the "Decisions" section of the report *Court Proceedings and Actions of Vital Interest to the Congress,* current to December 31, 1978.

The District Court's memorandum order of December 12, 1977 is printed in the "Decisions" section of the report *Court Proceedings and Actions of Vital Interest to the Congress,* current to December 31, 1978.

The District Court's memorandum order of February 9, 1978 is printed in the "Decisions" section of the report *Court Proceedings and Actions of Vital Interest to the Congress,* current to December 31, 1978.

*Goland v. Central Intelligence Agency*
No. 76–1800 (D.C. Cir.)

Plaintiffs, Susan D. Goland and Patricia B. Skidmore, filed suit on January 26, 1976, pursuant to the Freedom of Information Act, as amended, 5 U.S.C. § 552 (hereinafter "FOIA"). Named as defendants in the suit were the Central Intelligence Agency (hereinafter "CIA") and the Information Coordinator of the CIA.

This action was the result of a request of documents which was first made by Sara Holtz. On May 2, 1975, Sara Holtz, who is not a party to the suit, filed an FOIA request with the CIA seeking access to "all records concerning the legislative history" of the National Security Act of 1947, 50 U.S.C. § 403 (1970), the CIA Act of 1949, 50 U.S.C. §§ 403a–403j (1970), and two bills introduced into Congress in 1948 providing for the administration of the Agency.