UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN MUSGRAVE,            * | |
| * | |
| Plaintiff,            * | |
| * | |
| v.            * | Civil Action No. 1:21-cv-02199 (BAH) |
| * | |
| J. THOMAS MANGER, *et al.*,            * | |
| * | |
| Defendants.            * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>DECLARATION OF DANIEL SCHUMAN</u>**

I, Daniel Schuman, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a person over eighteen (18) years of age and competent to testify. I make this Declaration on personal knowledge and in support of the plaintiff.

2. I make this Declaration to respond to specific assertions made in the dispositive motions filed by the Senate and House of Representatives defendants.

3. I graduated from Emory University School of Law in 2006. I have been licensed to practice law in Georgia, although I am not currently an active member of any bar.

4. I have worked around Congress for 18 years, most relevantly as a legislative attorney with the Congressional Research Service, Policy Counsel with the Sunlight Foundation, Policy Director at Citizens for Responsibility and Ethics in Washington, and my current position, Policy Director for Demand Progress and the Demand Progress Education Fund, where I bear primary responsibility for efforts on issues that concern strengthening Congress; governmental transparency, accountability, and reform; and civil liberties and national security.

5. In 2020, I co-authored a report entitled *A Primer on Congressional Staff Clearances* for the Project on Government Oversight, which is available on the web at

Ex. A

https://s3.amazonaws.com/demandprogress/reports/A_Primer_on_Congressional_Staff_Clearances_2020-02-05.pdf.

6. As part of my research for this report, I reviewed the October 2017 edition of the *United States House of Representatives Security Policy Manual* (House Manual) and the January 2018 edition of the *Senate Security Manual* (Senate Manual).

7. I took notes during my review of these manuals, and I have copies of several pages of these manuals.

8. I understand that these manuals are at issue in this case, although I do not know if the versions I reviewed are the latest versions.

9. I have also reviewed the relevant sections of Senate Report 99-522, which is the report created by the Senate Select Committee on Intelligence in 1986 which first directed the Office of Senate Security to draft and publish the Senate Manual. Specifically relevant to this case is the fact that Appendix G to this report is a Draft Senate Security Manual, large portions of which are included practically verbatim in the 2018 Senate Manual.

10. The eight pages identified by the plaintiff as Ex. B are copies of House Manual pages that I provided to the plaintiff's counsel.

11. The nine pages identified by the plaintiff as Ex. C are copies of Senate Manual pages that I provided to the plaintiff's counsel.

12. Additionally, I can provide the following information about other pages in these manuals:

    a. Numbered page 8 of the House Manual includes 8 requirements for a log of classified material which must be created by House office managers, comparable to the 12-

item list on numbered page 3 of the Senate Manual and the 6-item list on page 148 of Senate Rep. 99-522.

  b. Numbered page 8 of the House Manual also includes a requirement that the Sergeant at Arms House Security Division must conduct a periodic inventory check of all classified information in the possession of House offices and specifies procedures to be followed during this audit, comparable to the requirements on page 3 of the Senate Manual and page 149 of Senate Rep. 99-522.

  c. Numbered page 10 of the House Manual specifies marking requirements for classified documents, comparable to the requirements on numbered page 4 of the Senate Manual and page 148 of Senate Rep. 99-522, which must be followed by all House personal and committee offices.

  d. Numbered page 20 of the House Manual and page 12 of the Senate Manual respectively require that all House staff and Senate employees with security clearances must sign a secrecy agreement and it states that the agreement will contain provisions that prohibit the signer from divulging or releasing classified information to unauthorized individuals. This provision largely mirrors the requirement on page 152 of Senate Rep. 99-522.

  e. Numbered pages 20-22 of the House Manual and page 12 of the Senate Manual also mandate that all security violations, no matter how minor, must be respectively reported to the House Sergeant at Arms or office security manager and the Office of Senate Security and specify requirements for the resulting report of investigation, similar to the requirements on page 153 of Senate Rep. 99-522.

13. Both manuals contain numerous other instances of mandatory requirements or specific directives.

14. There is a great deal of overlap between the draft Senate Manual in Senate Rep. 99-522 and both manuals, although there are additional variations for the House manual because it relates to a different chamber of Congress. In the vast majority of respects, the contents are substantively identical or highly similar, at times using the exact same words and phrases. However, there is enough difference between the current manuals and the draft manual that merely reading the draft manual will not provide a complete understanding of the chambers' policies and procedures.

15. The statement in the House's memorandum that the House Manual—and by extension, the Senate Manual—"merely provides general advice, guidance, and best practices" is untrue. These manuals contain mandatory language explicitly prescribing or prohibiting various types of activities, including actions of the security offices in either chamber, under what circumstances a staffer is permitted to apply for or retain access to classified information, and under what circumstances access may be revoked or sharing of information with unauthorized persons will be punished.

16. Both manuals are available to all employees of the relevant chamber of Congress on its intranet. The House Manual is available on the internal website for the Office of House Security, and the Senate Manual is available on the internal website for the Office of Senate Security.

17. There are no restrictions on these websites beyond being limited to House and Senate personal office and committee staff, respectively, and these manuals can be downloaded by every staff member in every office, from the most junior intern to the chief of staff.

I do solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true to the best of my knowledge.

Date:   April 1, 2022

_____
Daniel Schuman