UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHAWN MUSGRAVE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>J. THOMAS MANGER, Chief of Police, )<br>U.S. Capitol Police, *et al.* )<br>)<br>Defendants. )<br>) | Civil Action No. 1:21-cv-02199-BAH |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
SENATE AND HOUSE DEFENDANTS' JOINT MOTION TO DISMISS
PLAINTIFF'S CLAIMS AGAINST THEM AS MOOT**

**INTRODUCTION**

Plaintiff filed this suit against the Secretary of the Senate and the Office of the Secretary ("Senate defendants"), and the Sergeant at Arms of the House of Representatives and the Office of the House Sergeant at Arms ("House defendants") to compel release of, *inter alia*, the Senate Security Manual and the House Security Policy Manual under the common law right of access to public records.¹ Senate and House defendants moved to dismiss plaintiff's claims against them for lack of jurisdiction and failure to state a claim. *See* Senate Defendants' Motion to Dismiss, ECF No. 11; Motion to Dismiss of House Defendants, ECF No. 12. In opposing the motions to dismiss, plaintiff submitted substantial excerpts from the 2018 version of the Senate Security Manual and the 2017 House Security Policy Manual, ECF Nos. 20-3 & 20-4, along with a

---

¹ While plaintiff originally sought other records from the House defendants, he has amended his complaint to seek release solely of the House Security Policy Manual.

declaration describing the substance of the two manuals from an individual who averred that he had reviewed them in their entirety. ECF No. 20-2. Learning for the first time from that submission that plaintiff already had obtained through other sources large parts, if not all, of the Senate Security Manual[2] and the House Security Policy Manual, Senate and House defendants elected to voluntarily provide plaintiff with the current versions of the Senate Security Manual and the House Security Policy Manual to avoid consuming any more of the Court's or the defendants' time needlessly litigating over two documents that plaintiff appears to already possess.

Plaintiff has therefore now been provided with the only two documents that his amended complaint seeks from the Senate and House defendants. Accordingly, plaintiff's claims against the Senate and House defendants are moot because there is no longer a live case or controversy here, and the Court should dismiss the claims for lack of Article III jurisdiction.

## BACKGROUND

A.     Plaintiff's requests for the Senate Security Manual and the House Security Policy Manual.

On June 25, 2021, plaintiff's counsel wrote a letter to the Office of Senate Security requesting a copy of the most recent edition of the Senate Security Manual under the common law right of access to public records. *See* Compl. ¶ 60, ECF No. 1; Letter from Kel McClanahan to Director of Senate Security, June 25, 2021, Exhibit B to Senate Defendants' Motion to Dismiss, ECF No. 11-3. Senate Legal Counsel responded on behalf of the Secretary of the Senate, who has administrative supervision of the Office of Senate Security, declining the request. *See* Letter from Thomas E. Caballero, Asst. Senate Legal Counsel, to Kel McClanahan, August 17, 2021, Exhibit C to Senate Defendants' Motion to Dismiss, ECF No. 11-4.

---

[2] While the Office of Senate Security issued an updated Senate Security Manual in 2020, the 2020 version, which is the current edition, differed little from the 2018 version.

On June 23, 2021, the Office of the House Sergeant at Arms received a request from plaintiff's counsel for the most recent edition of the House Security Policy Manual under the common law right of access to public records. *See* First Am. Compl. ¶ 49, ECF No. 22. Plaintiff's counsel also requested copies of two reports regarding "legislative branch security clearances" prepared at the request of and for the House Committee on Appropriations, *see* Compl. ¶ 65, but has since withdrawn that request from this case. *See* ECF No. 21 at 3; ECF No. 22 (First Am. Compl.). The General Counsel for the House of Representatives responded on behalf of the Office of Sergeant at Arms, denying the request on the grounds that (i) the common law right of access does not apply to House documents and (ii) the House Security Policy Manual does not qualify as a public record subject to the common law right of access because it merely provides general advice and policy guidance to House Members and Committees. *See* First Am. Compl. ¶ 50.

  B.  Plaintiff's suit seeking release of the security manuals.

On August 18, 2021, plaintiff filed the instant lawsuit naming as defendants the Secretary of the Senate, the Office of the Secretary, the House Sergeant at Arms, and the Office of House Sergeant at Arms asserting common-law-right-of-access claims seeking production of the documents described above. *See* Compl. ¶¶ 54-58 (Fourth Cause of Action, seeking House manual); ¶¶ 59-63 (Fifth Cause of Action, seeking Senate manual).[3]

Senate and House defendants separately moved to dismiss plaintiff's claims against them for lack of jurisdiction and failure to state a claim. *See* Senate Defendants' Motion to Dismiss, Oct. 22, 2021, ECF No. 11; Motion to Dismiss of House Defendants, ECF No. 12. Specifically, Senate defendants argued that plaintiff's claim is barred on jurisdictional grounds by the Speech

---

[3] Plaintiff's complaint also included claims against the U.S. Capitol Police and its Chief seeking Capitol Police records under the common law right of access.

or Debate Clause, U.S. Const. art. I, § 6, cl. 1, and sovereign immunity, and that the complaint fails to state a claim because the common law right of access does not apply to documents of a House of Congress, and, even if it did, the Senate Security Manual is not subject to compelled disclosure under the standards of that doctrine. House defendants raised similar arguments.

Just prior to filing his opposition to defendants' motions to dismiss, plaintiff sought and was granted leave to file an amended complaint. *See* Pl.'s Motion for Leave to File First Amended Complaint, Apr. 1, 2021, ECF No. 19; Minute Order of 04/04/2022 (granting leave to file amended complaint). Plaintiff's First Amended Complaint added the House of Representatives as a party and dropped plaintiff's claim seeking copies of reports prepared by the House Sergeant at Arms for the House Committee on Appropriations. *See* ECF No. 19 at 2. His amendment made no changes to his claim against the Senate defendants.[4] Accordingly, plaintiff's First Amended Complaint seeks only two documents from the House and Senate defendants – the House Security Policy Manual, First Am. Compl. ¶¶ 48-52 (Third Cause of Action), and the Senate Security Manual, First Am. Compl. ¶¶ 53-57 (Fourth Cause of Action).

On April 2, 2022, plaintiff filed a consolidated opposition to the motions to dismiss combined with a cross-motion for partial summary judgment. *See* Plaintiff's Memo. of Pt.'s and Auth.'s in Opposition to Defendants' Motions to Dismiss and in Support of Plaintiff's Cross-motion for Partial Summary Judgment ("Pl.'s Opp."), Apr. 2, 2022, ECF Nos. 20 & 21. As part of his opposition and cross-motion, plaintiff for the first time submitted excerpts from both the Senate Security Manual issued in January 2018 and the House Security Policy Manual issued in

---

[4] Plaintiff also dropped one of his claims against the U.S. Capitol Police and its Chief and indicated that he was "withdraw[ing] from controversy" his other two claims against them, but keeping those two claims in the First Amended Complaint solely to preserve his ability to seek attorney's fees. Pl.'s Motion for Leave to File First Amended Complaint at 2 n.1.

2017, along with a declaration describing the content of the two manuals.  *See* Pl.'s Opp. Ex. B, ECF No. 20-3 (multi-page excerpt from 2017 House Security Manual), Ex. C, ECF No. 20-4 (multi-page excerpt from Senate Security Manual of January 2018), and Ex. A at ¶¶ 6-15, ECF No. 20-2 (Declaration of Daniel Schulman, describing content of Senate and House security manuals).

      Plaintiff's filing revealed that plaintiff already had obtained through other sources large parts, if not all, of the Senate Security Manual and the House Security Policy Manual.[5]  In light of this revelation – that plaintiff already had most (if not all) of the single document he had filed suit to obtain from Senate defendants, as well as the only remaining document he was seeking from the House defendants – the Senate and House defendants jointly wrote to plaintiff's counsel a letter providing complete copies of their respective House's security manuals, explaining that:

> Both the House and Senate defendants, for the reasons set forth in their respective motions to dismiss, adhere to the view that they are neither obliged to provide the security manuals under the common law right of access, nor can they be sued to compel disclosure of the manuals.  Defendants do not, however, wish to have this matter consume any more of the Court's or the defendants' time needlessly litigating over documents that plaintiff appears to already possess and that are the only documents remaining at issue in the litigation. Accordingly, even though it appears that plaintiff already has one or both of them, with this letter defendants voluntarily provide you with complete copies of the latest versions of those security manuals.

Letter from Thomas E. Caballero, Asst. Senate Legal Counsel, and Todd B. Tatelman, Principal Deputy General Counsel, U.S. House of Representatives, to Kel McClanahan, May 23, 2022, attached hereto as Exhibit A.

      Having provided plaintiff with the only two documents this suit seeks from them, Senate and House defendants now move to dismiss the claims against them as moot.

---

[5] Plaintiff's filing did not disclose whether he had just obtained these portions of the security manuals or had them even before he filed this suit.

## ARGUMENT

**Because The Senate And House Defendants Have Provided Plaintiff With The Two Documents He Seeks In His Amended Complaint, His Suit Against Them Is Moot.**

For courts to have jurisdiction over a matter under Article III, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). When "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future," a case becomes moot, and the courts no longer have jurisdiction over the matter. *American Bar Ass'n v. FTC*, 636 F.3d 641, 645 (D.C. Cir. 2011) (citing *Clarke v. United States*, 915 F.2d 699, 700–01 (D.C. Cir. 1990) (en banc) (quotation marks omitted)). With regard to lawsuits seeking the release of documents by a government entity, the case becomes moot "once all the documents are released to the requesting party," because "there no longer is any case or controversy." *Bayala v. U.S. Dep't of Homeland Security, Office of General Counsel*, 827 F.3d 31, 34 (D.C. Cir. 2016); *see also Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[O]nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.") (quoting *Crooker v. U.S. State Department*, 628 F.2d 9, 10 (D.C. Cir. 1980) (per curiam)); *Johnson v. United States*, 239 F. Supp. 3d 38, 44 (D.D.C. 2019) ("Now that [the agency] has released all of the records Plaintiff requested, this FOIA claim is moot."); *Trueblood v. U.S. Dep't of Treasury, IRS*, 943 F. Supp. 64, 67 (D.D.C. 1996) ("Regardless of how long it took the defendant to comply with a plaintiff's FOIA request, the case or controversy evaporates when the documents are released." (internal quotation marks and citations omitted)).

Plaintiff's amended complaint against the Senate and House defendants seeks the release of only two documents – the Senate Security Manual and the House Security Policy Manual – under the common law right of access to public records. *See* First Am. Compl. ¶¶ 53-57. Because plaintiff then indicated that he already has most or all of the two documents he seeks, the Senate and House defendants gave him copies of the two documents he requested.– the only documents remaining at issue in this case – and suggested that the case should be closed.[6] Accordingly, the documents having been released to the plaintiff, his claims against the Senate and House defendants are moot and the case must be dismissed for lack of Article III jurisdiction. *See Harvey v. Lynch*, 123 F. Supp. 3d 3, 7 (D.D.C. 2015) ("Plaintiff concedes that BOP has produced all the records he seeks, and he does not object to the modest redactions BOP made to one page of those materials. . . . Accordingly, there is nothing of the underlying FOIA dispute left for the Court to adjudicate. . . . Article III courts may not declare rights or violations of the law in the abstract, but are limited to acting on matters that have real, concrete consequences for the parties."); *Isasi v. Office of Attorney General*, 594 F. Supp. 2d 12, 14 (D.D.C. 2009) (dismissing FOIA claim as moot where "[t]he complaint in this case placed in issue only two pages of responsive documents" and "the plaintiff does not dispute[] that those two pages have been released to him [by the agency] without any redactions"), *aff'd*, 2010 WL 2574048 (D.C. Cir. June 2, 2010) (per curiam); *Dasta v. Lappin*, 657 F. Supp. 2d 29, 32 (D.D.C. 2009) ("[D]efendant establishes that the [agency] has released in full the records plaintiff requested. Absent any showing by plaintiff to the contrary, this matter is moot.").

---

[6] In response, plaintiff indicated that he intended to rely on the voluntary cessation doctrine to continue this litigation.

Plaintiff's request for a declaratory judgment that the Senate and House are subject to the common law right of access to public records is insufficient to maintain this as a live controversy under Article III. *See California v. Texas*, 141 S. Ct. 2104, 2115 (2021) (citations omitted). ("The Declaratory Judgment Act, 28 U.S.C. § 2201, alone does not provide a court with jurisdiction. . . . Just like suits for every other type of remedy, declaratory-judgment actions must satisfy Article III's case-or-controversy requirement."). As the D.C. Circuit has explained, "[i]f a plaintiff has made no challenge to some ongoing underlying policy, but merely attacks an isolated agency action, then the mooting of the specific claim moots any claim for a declaratory judgment that the specific action was unlawful . . . ." *City of Houston, Tex. v. Dep't of Housing and Urban Development*, 24 F.3d 1421, 1429 (D.C. Cir. 1994). In such situations, declarations on past conduct that cannot affect nor remedy plaintiff's alleged injury (here, the failure to receive the Senate and House manuals) constitute nothing more than an advisory opinion prohibited by Article III. *See Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988) ("A declaration that an agency's initial refusal to disclose requested information was unlawful, after the agency made that information available, would constitute an advisory opinion in contravention of Article III of the Constitution."); *see also Long v. Bureau of Alcohol, Tobacco & Firearms*, 964 F. Supp. 494, 497 (D.D.C. 1997) (citations omitted) ("Plaintiffs cannot evade the mootness of their claim by requesting a declaratory judgment.").

As this Circuit has stated, under Article III's case or controversy requirement, "a federal court may not 'give opinions upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Conyers v. Reagan*, 765 F.2d 1124, 1127 (D.C. Cir. 1985) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Plaintiff's claims against the Senate and House defendants are moot, and his request for

a declaratory judgment opining on the general applicability of a common law doctrine to Congress creates no live case or controversy, but merely seeks an advisory opinion from this Court.

Neither of the two exceptions to mootness – (a) suits involving matters that are capable of repetition yet evading review and (b) suits where defendants voluntarily cease their activities – applies to keep this a live controversy. First, the capable-of-repetition exception applies only in rare situations where "'(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Permanent Subcommittee on Investigations v. Ferrer*, 856 F.3d 1080, 1088 (D.C. Cir. 2017) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)) (alteration in original); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (stating that "the capable-of-repetition doctrine applies only in exceptional situations").

Plaintiff's suit against Senate and House defendants fits neither requirement of this rare exception. First, suits over release of documents under the common law are not inherently "too short in duration" to be fully litigated. *Grant v. Vilsack*, 892 F. Supp. 2d 252, 258 (D.D.C. 2012) (stating that to qualify as too short in duration, a claim must be "*inherently* short-lived" and thus evade review) (emphasis added) (citing cases); *see also Campbell v. Clinton*, 203 F.3d 19, 34 (D.C. Cir. 2000) ("Circuit precedent requires us to determine whether the activity challenged is 'inherently' of a sort that evades review"); *Conyers*, 765 F.2d at 1128 ("The [challenged] activity" must be "by its very nature short in duration, so that it could not, or probably would not, be able to be adjudicated while fully 'live.'") (internal quotation marks and citation omitted). "[U]nlike elections, trials, pregnancies, or public school years," *Conyers*, 765 F.2d at 1128 (internal footnotes omitted), there is nothing inherent in plaintiff's common law right of access claim that limits it to such a short duration as to preclude being fully litigated. Second, the

9

Senate and House defendants have released to him the Senate Security Manual and the House Security Policy Manual, and thus, it cannot be reasonably maintained that the Senate and House defendants will deny a request from him for those documents in the future and cause him the same injury.

Plaintiff also fails to qualify for the voluntary cessation exception. Under this mootness exception, a defendant's voluntarily discontinuing the challenged activity will be viewed as mooting a lawsuit only if the defendant demonstrates that (1) "there is no reasonable expectation that the alleged violation will recur," and (2) "interim relief or events have completely or irrevocably eradicated the effects of the alleged violation." *National Police Black Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997). Here, both of these conditions apply. First, there can be no reasonable expectation of a recurrence because it is not likely that plaintiff will seek and be denied a copy of the Senate or House manuals that have now been provided to him. Second, interim events have completely and irrevocably eradicated the effect of the alleged injury – that is, the denial of his access to the manuals. The Senate and House defendants have given plaintiff their respective House's security manuals (which he already appears to have), and, thus, any injury from the initial denial of his request has been "irrevocably eradicated."

While a plaintiff may avoid mootness under the voluntary cessation doctrine in FOIA cases by pleading that a specific agency FOIA policy violates the terms of FOIA, *see Payne Enterprises*, 837 F.2d at 491-92, such a doctrine has no applicability to the common law right of access, which lacks the statutorily defined requirements for agency processing and responding to requests for records prescribed by FOIA, 5 U.S.C. § 552(a)(4) - (a)(7). *See Payne Enterprises*, 837 F.2d at 491 (stating that voluntary cessation does not moot FOIA case "so long as an agency's refusal to supply information evidences a policy or practice of delayed disclosure or

some other *failure to abide by the terms of the FOIA*") (emphasis added); *Judicial Watch, Inc. v. U.S. Dep't of Homeland Security*, 895 F.3d 770, 780 (D.C. Cir. 2018) (explaining that a plaintiff may avoid mootness by pleading that "the agency has a policy or practice of ignoring *FOIA's requirements*.") (emphasis added); *Am. Center for Law and Justice v. U.S. Dep't of State*, 249 F. Supp. 3d 275, 282 (D.D.C. 2017) ("[A] plaintiff must plead (1) some policy or practice that (2) results in a *repeated violation of FOIA*.") (emphasis added); *Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 293 (D.D.C. 2013) (finding that to meet voluntary cessation exception, plaintiff must show agency has "some policy or practice that constitutes an ongoing failure to abide by *the terms of the FOIA*.")(quoting *Payne Enterprises*, 837 F.3d at 491) (emphasis added).  That is because FOIA grants courts broad authority to enforce agency compliance with the detailed statutory procedures set up by the statute.[7]  In short, the doctrine that allows plaintiffs in FOIA cases to pursue "policy and practice" challenges even after their claim for particular documents has been mooted has no applicability outside of that detailed statutory scheme and cannot keep plaintiff's common law claim a live controversy in this case.

Moreover, plaintiff has not alleged, nor could he, the type of ongoing harm from an agency "policy or practice" necessary to overcome mootness in the FOIA context, even if that doctrine were to be extended to common-law-right-of-access claims.  *See Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 71 (D.D.C. 2016) ("To state a claim for relief under the 'policy or practice' doctrine articulated in *Payne*. . . a plaintiff must allege, inter alia, facts establishing that

---

[7] *See Judicial Watch*, 895 F.3d at 777 (noting that "FOIA authorizes a court not only to 'order the production of any agency records improperly withheld,' but also to 'enjoin the agency from withholding agency records'") (citing 5 U.S.C. § 552(a)(4)(B)); *see also Porup v. CIA*, 2020 WL 1244928, at *3 (D.D.C. Mar. 16, 2020)("FOIA permits injunctive relief for a claim that an agency policy or practice will impair the party's lawful access to information in the future.") (internal quotation marks and citation omitted), *aff'd*, 997 F.3d 1224 (D.C. Cir. 2021).

the agency has adopted, endorsed, or implemented some policy or practice that constitutes an ongoing 'failure to abide by the terms of the FOIA.'") (quoting *Muttitt*, 926 F. Supp. 2d at 293) (alteration in original); *Cause of Action Inst. v. U.S. Dep't of Justice*, 282 F. Supp. 3d 66, 78 (D.D.C. 2017) ("[E]ach of the cases [plaintiff] cites to demonstrate the applicability of the voluntary cessation of the challenged behavior doctrine all involved plaintiffs who expressly challenged an agency policy or practice as a cause of action pleaded in their complaints.").

The D.C. Circuit has stated that "[t]he rationale supporting the defendant's voluntary cessation as an exception to mootness is that, while the defendant's unilateral cessation of the challenged conduct may grant the plaintiff relief, the defendant is 'free to return to [its] old ways' – thereby subjecting the plaintiff to the same harm but, at the same time, avoiding judicial review." *Qassim v. Bush*, 466 F.3d 1073, 1075 (D.C. Cir. 2006). There is no way for the Senate and House defendants to "return to their old ways" and subject plaintiff to the "same harm," because he now *has* the very documents that he sued to obtain.[8] Simply put, plaintiff has received what his amended complaint seeks, and no dispute over his claims remains.

---

[8] In addition, in another lawsuit pending before this Court, plaintiff has brought a common law right of access claim against two other Senate defendants, *Musgrave v. Mark Warner and the U.S. Senate Select Committee on Intelligence*, Civil Action No. 1:21-cv-02198-BAH (D.D.C.). The defendants in that case, which has been fully briefed, have raised the same defenses to plaintiff's claim there as the Senate defendants have raised here. Likewise, the House of Representatives and other House Members and officers are defendants in a common law right of access suit pending in this Court brought by a different plaintiff, *Schilling v. Pelosi, et al.*, Civil Action No. 1:22-cv-00162-TNM (D.D.C.), and have raised similar defenses in that case in a fully-briefed motion to dismiss. Accordingly, irrespective of the dismissal of this suit as moot, Senate and House defendants are not "avoiding judicial review" of such issues.

## CONCLUSION

For the foregoing reasons, plaintiff's claims against the Senate and House defendants have become moot and should be dismissed for lack of jurisdiction.

Respectfully submitted,

| | |
|---|---|
| */s/ Douglas N. Letter* | */s/ Patricia Mack Bryan* |
| Douglas N. Letter (D.C. Bar No. 253492) | Patricia Mack Bryan, Bar #335463 |
|     General Counsel | Senate Legal Counsel |
| Todd B. Tatelman (VA Bar No. 66008) | |
|     Principal Deputy General Counsel | Morgan J. Frankel, Bar #342022 |
| | Deputy Senate Legal Counsel |
| Office of General Counsel | |
| U.S. House of Representatives | Grant R. Vinik, Bar #459848 |
| 5140 O'Neill House Office Building | Assistant Senate Legal Counsel |
| Washington, D.C. 20515 | |
| (202) 225-9700 | Thomas E. Caballero |
| douglas.letter@mail.house.gov | Assistant Senate Legal Counsel |
| | |
| *Counsel for House Defendants* | Office of Senate Legal Counsel |
| | 642 Hart Senate Office Building |
| | Washington, D.C. 20510-7250 |
| | (202) 224-4435 (tel), (202) 224-3391 (fax) |
| | |
| | *Counsel for Secretary of the Senate Sonceria Ann Berry and the Office of the Secretary of the Senate* |

Dated: June 16, 2022