UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN MUSGRAVE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>J. THOMAS MANGER, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 21-cv-2199 (BAH)<br><br>Chief Judge Beryl A. Howell |

### MEMORANDUM OPINION AND ORDER

Plaintiff Shawn Musgrave initiated this lawsuit against Sonceria Berry, the Secretary of the Senate, and the Office of the Secretary of the Senate ("Senate defendants") and William J. Walker, the House of Representatives Sergeant at Arms, the Office of the House of Representatives Sergeant at Arms, the House of Representatives ("House defendants") to compel release of two congressional security documents, pursuant to the common law right of access to public records, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.  Pending are four motions by the parties: (1) Senate defendants' Motion to Dismiss ("Sen. Defs.' MTD"), ECF No. 11; (2) House defendants' Motion to Dismiss ("H. Defs.' MTD"), ECF No. 12; (3) plaintiff's Motion for Partial Summary Judgment ("Pl.'s Mot. Part. Summ. J."), ECF No. 21; and (4) Senate and House defendants' Joint Motion to Dismiss Plaintiff's Claims Against Them as Moot ("Defs.' Jt. MTD"), ECF No. 26.  For the reasons set forth below, Senate and House defendants' Joint Motion to Dismiss is granted, all other pending motions are denied, and this case is dismissed as moot.

### I.　BACKGROUND

Plaintiff's quest for congressional documents stems from his interest in gathering information about House and Senate security policies, particularly those concerning

1

"Congressional treatment of sensitive information," following the events at the U.S. Capitol on January 6, 2021.  Am. Compl. ¶ 21, ECF No. 22.  Summarized below is the relevant factual and procedural history for this case.

On June 23, 2021, plaintiff requested from House defendants the most recent edition of the House Security Policy Manual, which contains "security policies, procedures, standards, and other regulations and requirements governing the handling of national security information for House staff."  Am. Compl. ¶¶ 35, 48–52.  On June 25, 2021, he also requested from Senate defendants the most recent edition of the Senate Security Manual, the Senate's counterpart document, *id*. ¶¶ 53–57; *see also* Sen. Defs.' MTD, Ex. B, ECF No. 11-3 (Letter from Kel McClanahan, Executive Director, National Security Counselors, to Nicolette Llewellyn, Director of Security, Office of Senate Security (June 25, 2021)).[1]  At that time, neither document was available to the public.  Am. Compl. ¶ 35.  The General Counsel of the House and the Office of Senate Legal Counsel denied those requests on July 12, 2021, and August 17, 2021, respectively, both stating that the common law right of access does not apply to either manual.  *Id*. ¶¶ 50, 55; *see* Sen. Defs.' MTD, Ex. C, ECF No. 11-4 (Letter from Thomas E. Caballero, Assistant Counsel, Office of Senate Legal Counsel, to Kel McClanahan, Executive Director, National Security Counselors (Aug. 17, 2021)).

On October 22, 2021, Senate and House defendants moved to dismiss, under Federal Rules of Civil Procedure 12(b)(1) and (b)(6), plaintiff's Complaint for lack of subject-matter jurisdiction and failure to state a claim.  *See* Sen. Defs.' MTD; H. Defs.' MTD.  Approximately

---

[1]   In deciding a motion to dismiss for lack of subject-matter jurisdiction, a court is not limited to the allegations set forth in the complaint, but may consider materials outside the complaint's four corners.  *See, e.g.*, *Am. Freedom L. Ctr. v. Obama*, 821 F.3d 44, 49 (D.C. Cir. 2016) ("[W]e 'may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.'" (quoting *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005))).

five months later, plaintiff was granted leave to file a First Amended Complaint. Min. Order (Apr. 4, 2022) (citing FED. R. CIV. P. 15(a)(2)); *see* Pl.'s Mot. for Leave to File First Amended Compl., ECF No. 19. The Amended Complaint added the House of Representatives as a defendant, Am. Compl. ¶ 9, and asserted the same requests for disclosure of the Senate Security Manual, *id.* ¶ 54, and the House Security Policy Manual, *id.* ¶ 49.[2]

On April 2, 2022, plaintiff moved for partial summary judgment under Federal Rule of Civil Procedure 56, arguing that the common law right of access is generally applicable to the House and Senate security manuals as well as similar documents held by these offices. Pl.'s Mem. in Supp. Pl.'s Cross-Mot. for Partial Summ. J. at 3, ECF No. 21-1. While simultaneously opposing plaintiff's Motion for Partial Summary Judgment, *see* ECF Nos. 30, 32, and countering plaintiff's opposition to their motions to dismiss, ECF Nos. 29, 31, House and Senate defendants moved to dismiss as moot plaintiff's claims against them for lack of subject-matter jurisdiction, Mem. in Supp. Defs.' Jt. MTD, ECF No. 26-1 ("Defs.' Mem.").

## II.   LEGAL STANDARD

Under Article III of the Constitution, federal-court jurisdiction is limited to "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1. The Supreme Court has interpreted that limitation to require that "'an actual controversy . . . be extant at all stages of review, not merely

---

[2] Plaintiff's original complaint requested from J. Thomas Manger, the Chief of Police of the U.S. Capitol Police, and U.S. Capitol Police (1) security footage captured on January 6, 2021, and shared with the Federal Bureau of Investigation, Compl. ¶¶ 36–41, ECF No. 1; (2) Capitol Police "records about the policy and procedure from the sharing of information that was requested by Congress in H.R. Rep. No. 116-447, at 22 (2020)," *id.* ¶ 43 (citations omitted); *accord id.* ¶¶ 42–48; and (3) "a copy of the report that was requested by Congress in H.R. Rep. No. 116-447, at 22 (2020), discussing which [Capitol Police Office of the Inspector General] reports from the previous three years could have been made public," *id.* ¶ 50; *accord id.* ¶¶ 49–53. The Amended Complaint eliminated these defendants and claims, *see* Pl.'s Mot. for Leave to File First Amended Compl. at 2; *see also* Pl.'s Mem. in Supp. Pl.'s Cross-Mot. for Partial Summ. J. at 3–4, ECF No. 21-1 (explaining that plaintiff withdrew all claims against Capitol Police defendants, citing other cases he has filed against those defendants asserting similar claims and his realization that the reports he had requested from Capitol Police "are not worth the argument, and he does not wish to burden the Court with a dispute that serves no practical purpose"). Consequently, the Capitol Police defendants were formally dismissed on August 9, 2022. Min. Order (Aug. 9, 2022).
.

at the time the complaint is filed.'" *Campbell–Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997)). Accordingly, "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). If, for example, "the court can provide no effective remedy because a party has already obtained all the relief that it has sought," a case has become moot and thus federal courts lack jurisdiction to decide the matter. *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (internal citations omitted); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.").

"The initial heavy burden of establishing mootness lies with the party asserting a case is moot, . . . but the opposing party bears the burden of showing an exception applies." *Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010) (internal citations omitted). An exception arises when the defendant voluntarily ceases the disputed activity and moves for dismissal, "thus securing freedom to return to his old ways." *Alaska v. U.S. Dep't of Agric.*, 17 F.4th 1224, 1227 (D.C. Cir. 2021) (internal citations omitted).[3] In such cases, the party opposing mootness must show that "(1) there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely or irrevocably eradicated the effects of the alleged violation." *Porup v. Cent. Intel. Agency*, 997 F.3d 1224, 1231 (D.C. Cir. 2021) (citing *Zuckerman v. U.S. Postal Serv.*, 961 F.3d 431, 442 (D.C. Cir. 2020)).

---

[3] Plaintiff does not argue that the second exception to mootness, capable of repetition yet evading review, applies, so that argument is waived, *Seed Co. Ltd. v. Westerman, Hattori, Daniels & Adrian, LLP*, 961 F.3d 1190, 1195 (D.C. Cir. 2020), and defendants' counterarguments on that point will not be considered, *see* Defs.' Mem. at 9–10.

"In considering a motion to dismiss for lack of subject matter jurisdiction [under Federal Rule of Civil Procedure 12(b)(1)], courts are required to 'accept as true all of the factual allegations contained in the complaint,'" *Am. Freedom L. Ctr. v. Obama*, 821 F.3d 44, 49 (D.C. Cir. 2016) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)), and courts "may consider materials outside the pleadings in deciding" the motion, *id.* (citing *Jerome Stevens Pharm., Inc. v. Food & Drug. Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)). If the court determines that it lacks jurisdiction because a claim is moot, it must dismiss the claim. FED. R. CIV. P. 12(b)(1), 12(h)(3).

### III. DISCUSSION

Defendants argue that, because they provided plaintiff "with the only two documents that his amended complaint seeks," plaintiff's claims are "moot because there is no longer a live case or controversy" and no exception to mootness applies. Defs.' Mem. at 2, 6–8. Specifically, they contend that in opposing the Senate and House defendants' original motions to dismiss, plaintiff submitted "substantial excerpts from the 2018 version of the Senate Security Manual and the 2017 House Security Policy Manual." *Id.* at 1; *see* Pl.'s Mem. in Opp'n to Motions to Dismiss, Exs. 3, 4, ECF Nos. 20-3, 20-4 (excerpted copies of the House and Senate manuals, respectively). Defendants then released the 2020 versions of the manuals "to avoid consuming any more of the Court's or the defendants' time needlessly litigating over two documents that plaintiff appears to already possess." Defs.' Mem. at 2. Plaintiff admits that he "has been provided with the only two documents that he requested"—the House and Senate security manuals—but counters that his case is not moot because the voluntary cessation doctrine applies and his request for a declaratory judgment remains. Pl.'s Mem. in Further Supp. of Pl.'s Cross-

5

Mot. for Partial Summ. J. & in Opp'n to Sen. and H. Defs.' Joint Mot. to Dismiss Pl.'s Claims Against Them as Moot ("Pl.'s Opp'n") at 8–10, ECF No. 36. Plaintiff's counterarguments fail.

### A. Mootness

Defendants aver that plaintiff's case is moot and the voluntary cessation exception does not apply because "it is not likely that plaintiff will seek and be denied a copy of the Senate or House manuals that have now been provided to him" and defendants' release of the manuals "eradicated the effect of the alleged injury – that is, the denial of his access to the manuals." Defs.' Mem. at 10. Plaintiff does not dispute those arguments. Instead, he claims that "under the doctrine of voluntary cessation," the case is not moot because defendants are still free to deny future requests for similar documents by citing "a total legislative immunity to the common law right of access." Pl.'s Opp'n at 9; *see also id.* at 10. Defendants respond that, "[w]hile a plaintiff may avoid mootness under the voluntary cessation doctrine in FOIA [Freedom of Information Act] cases by pleading that a specific agency FOIA policy violates the terms of FOIA," that doctrine is inapplicable, and thus should not be extended, to the common law right of access, "which lacks the statutorily defined requirements for agency processing and responding to requests for records prescribed by FOIA." Defs.' Mem. at 10; *accord id.* at 11–12. Regardless of the applicability of a "policy or practice" claim in the common law right of public access sphere, plaintiff's claim is insufficiently pled.

The parties agree that plaintiff received the only two documents he requests, Pl.'s Opp'n at 8–9; Defs.' Mem. at 10, so this case is moot unless an exception applies. On that score, plaintiff's position seems to be that his case is not moot because defendants have a "policy or practice" of asserting legislative immunity to ward off common-law-right-of-access requests, which plaintiff may challenge pursuant to *Payne Enterprises, Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988). The D.C. Circuit in *Payne* applied the voluntary cessation doctrine to render a

FOIA request not moot, even though the government provided the documents in dispute, because the plaintiff presented a ripe challenge to the government's practice of delaying the release of documents without justification. *Id.* at 488. The panel held that "even though a party may have obtained relief as to a *specific request* under the FOIA, this will not moot a claim that an agency *policy or practice* will impair the party's lawful access to information in the future." *Id.* at 491 (quoting *Better Gov't Ass'n v. Dep't of State*, 780 F.2d 86, 91 (D.C. Cir. 1986)) (emphases in original).

Assuming, *arguendo*, that plaintiff could assert a "policy or practice" claim in the common-law-right-of-access sphere, plaintiff fails to allege sufficient facts that defendants have a policy or practice of asserting legislative immunity to ward off common-law-right-of-access requests. In denying plaintiff's request for the House Security Policy Manual, House defendants said that the common law right of access does not apply to the manual because that manual is a "permanent record of the House" and so "not a public record subject to the common law right of access," as plaintiff alleged. *See* Amended Compl. ¶ 50, 52. Senate defendants responded similarly. They denied plaintiff's request for the Senate Security Manual because "even if the common-law right applied and the Senate Security Manual were considered to be a public record as that doctrine defines such records, any public interest in disclosure would be outweighed by the significant national security interests implicated by its release." *Id.* at ¶ 55 (quoting Sen. Defs.' MTD, Ex. C).

All that plaintiff's allegations reveal is that defendants twice engaged in a document-specific analysis that does not lend itself to a routine policy or practice. Defendants examined each manual's contents and balanced the government's interest in keeping that information internal with the public's interest in disclosure. Plaintiff fails to allege that defendants'

7

balancing analysis goes any further than these two manuals, or that government and public interests in the release of another record in defendants' possession would result in an identical, or even similar, result. Plaintiff may disagree with defendants' factual conclusion that the manuals are not public records or that defendant incorrectly balanced the interests at play. Those contentions do not amount to a factual allegation that defendants had a policy to assert legislative immunity over the documents or all those like them.

Plaintiff strains to supplement his argument with conclusory statements that such a policy or practice exists, but this effort fails to defeat dismissal. Plaintiff's request in the Amended Complaint's Prayer for Relief for a declaration and direction "that the common law right of access applies" to defendants without more falls far short of a sufficient factual showing. *See* Amended Compl. at 14. *See also* Pl.'s Opp'n at 9–10 (asserting a similarly conclusory claim that defendants' employ "a total legislative immunity to the common law right of access"). What's more, the D.C. Circuit disfavors "imput[ing] such manipulative conduct to a coordinate branch of government" or suggesting that government agencies will disingenuously cease challenged actions only to later resume them, *see Alaska*, 17 F.4th at 1227, and plaintiff has proffered no factual basis to disrupt that theory. As such, plaintiff has not met his burden that an exception to mootness applies here.

### B. Declaratory relief

Plaintiff attempts to thwart dismissal by arguing that declaratory relief is still in controversy because his Amended Complaint requests that the Court "declare that the common law right of access applies to the [House and Senate defendants] and direct those entities to develop standardized processes for the handling of such requests." Pl.'s Opp'n at 9 (citing Amended Compl. at 14). Defendants deem that request "insufficient" to salvage a live controversy because, in their opinion, granting declaratory relief would result in "opining on the

general applicability of a common law doctrine to Congress" or an advisory opinion, which Article III prohibits. Defs.' Mem. at 8–9. Defendants are correct and plaintiff's attempt fails.

While the Declaratory Judgment Act permits another avenue for relief, *see* 28 U.S.C. § 2201, the Act still requires a case or controversy in line with Article III of the Constitution. *California v. Texas*, 141 S. Ct. 2104, 2115–16 (2021). That said, a plaintiff may seek declaratory relief, despite the mooting of his challenge to a specific agency action, to "forbid[] an agency from imposing a disputed policy in the future, so long as the plaintiff has standing to bring such a forward-looking challenge and the request for declaratory relief is ripe." *City of Houston v. Dep't of Hous. & Urb. Dev.*, 24 F.3d 1421, 1429 (D.C. Cir. 1994). "This includes, *inter alia*, demonstrating an injury-in-fact that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,'" *Hemp Indus. Ass'n v. Drug Enf't Admin.*, 36 F.4th 278, 290 (D.C. Cir. 2022) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)), and presenting a request for declaratory relief that is fit for judicial decision and presents hardship to the plaintiff if review is not immediate, *City of Houston*, 24 F.3d at 1430.

Having dispelled of plaintiff's contention that defendants have an ongoing and impermissible policy of blocking document disclosure using legislative immunity, no dispute remains for which a declaration could provide relief. Asking at this juncture to opine on whether, at some date in the unknown future, such a similar request on similar grounds for similar documents is far too conjectural and too closely resembles an advisory opinion, which Article III bars. *See, e.g.*, Pl.'s Resp. to Order of the Court at 3–4, ECF No. 28; Pl.'s Opp'n at 9–10 ("[T]here is no question that a future request from Musgrave or any other requester will be met with the exact same response citing the exact same reasons."); *see also Hemp Indus. Ass'n*, 36 F.4th at 290 ("In other words, a plaintiff cannot simply rest on some abstract desire to know

his rights or status under a statute."). In short, though plaintiff's predictions may come true, he nonetheless lacks standing to assert an ongoing policy claim for declaratory relief because his injuries are too speculative. Nor is such a claim ripe because no similar requests for future documents has come to fruition.

## IV. CONCLUSION

For the foregoing reasons, the instant action is moot. Accordingly, it is hereby

**ORDERED** that defendants' Joint Motion to Dismiss Plaintiff's Claims Against Them as Moot, ECF No. 26, is **GRANTED**; it is further

**ORDERED** that plaintiff's Amended Complaint, ECF 22, against Secretary of the Senate Sonceria Ann Berry, the Office of the Secretary of the Senate, the U.S. House of Representatives, Sergeant at Arms of the U.S. House of Representatives William Walker, and the Office of the House Sergeant at Arms, is **DISMISSED** as moot; it is further

**ORDERED** that Senate defendants' Motion to Dismiss, ECF No. 11, House defendants' Motion to Dismiss for Lack of Jurisdiction, ECF No. 12, and plaintiff's Motion for Partial Summary Judgment, ECF No. 21, be **DENIED** as moot; it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED.**

*This is a final and appealable Order.*

Date: August 24, 2022

                                                                                           _____
                                                                                           BERYL A. HOWELL
                                                                                           Chief Judge